IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. CR 06-4065-MWB |
| Plaintiff, | ) | |
| | ) | BRIEF IN SUPPORT OF |
| vs. | ) | MOTION FOR RETURN |
| | ) | OF SEIZED PROPERTY |
| JAMES J. PARSONS, | ) | |
| | ) | |
| Defendant. | | |

Comes now, the defendant, Dr. James J. Parsons, and submits the following as his Brief in Support of his Motion for the Return of Seized Property.

**FACTUAL BACKGROUND**

On July 20, 2006, the Dr. James Parsons and his fiancé, Sheril Gold, were moving a number of their belongings from their home in Miami, Florida, to Dr. Parsons' new home in Montana. They were stopped by a Motor Vehicle Enforcement Officer due to an equipment violation. As the stop progressed, the vehicle was searched and a number of firearms were discovered including those that are the subject of the charges against Dr. Parsons. The search was not contested. Following his arraignment, consent was given to search the residence where he and Ms. Gold resided in Miami, Florida.

The following firearms and knives were seized from the home where Dr. Parson's was living in Miami, Florida:

    1 Daisey BB rifle
    1 pellet pistol - .177 cal
    1 M-1Garand - 30-06
    1 Colt Defender 1911 - 45 ACP
    1 Smith and Wesson - 44 SPC
    1 Taurus -     38 SPC

1

1 Ruger - Bisley - 45 LC
1 Ruger - Bisley - 45 LC
#58-50471  Model # 00533 - 45 LC

The following items were seized from the trailer in Sioux City, IA:

4 Bagwell Bowie Knives
1 300 Weatherby #2900
2 Winchester Model 94 - 30-30
1 Winchester Model 97 - 12 Gauge
1 Winchester Model 27 - 20 Gauge
1 Browning Hi-Power (copy) - 9.mm
1 Astra Model 600 - 9.mm
1 Smith and Wesson - 38 Cal
1 Glock Model 22 - 10mm
3 Creek CZ 52 - 7.62 x 25
2 Daisey BB Rifles
1 Chi Com Pellet Rifle - .177 caliber
1 Colt 22 Conversion Kit - 22 cal.
1 Browning - B-78 - 30-06
1 Remington 600 - 308
1. Remington 1100 - 12 gauge
1 Browning - Auto - 12 guage
2 Winchester -52 - 12 gauge
1 Ruger 10/22 - 22 cal
1 Remington Semi-auto - 22 cal
1 Remington 512-bolt 22 cal
2 Mossberg - US Gov - 22 Cal
1 Black Powder Rifle - 54 cal
1 AK 47 Polytec - 7.62x39
1 AK 47 Norinco - 7.62 x 39
1 SKS Norinco - 7.62 x 39
1 Mauser Bolt 308
2 Mauser Bolt - 8 mm
1 M1 Garand - 30-06
1 H&K 91 Heckler & Kock - 308
1 FN-FAL - 308
1 1919 -A4- Rapid Fire - 308
1 Semi-Auto Extra Barrel - 308
1 M1 Carbine - 30 cal
1 Sprit Arms Ar-15 - 223.Cal
1 Ruger Super Black Hawk- 44 mag
1 Ruger Bisley - 44 mag
1 Smith & Wesson - 44 mag

2

    1 Colt Adaconda - 44 mag
    3 Colt Series 70 - 1911 - 45 ACP
    1 Colt Commander - 1911- 45 ACP
    1 Colt Defender - 1911- 45 ACP
    1 Kimber Stainless - 1911 - 45 ACP
    1 Kimber Target - 1911 - 45 ACP
    2 Walther PPKS - 22 cal
    1 Smith & Wesson 41 - 22 cal
    1 Smith & Wesson 442 - 22 cal
    1 Jenny's - 22 cal
    1 TEC 22 - 22 cal
    1 Black Palma Idaho - 22 cal
    1 Ruger Bisley - .45 LC
    1 Belt w/ leather gunsite buckle
    Additionally, gun safes and household goods were seized. Some of the household items were returned to Sheril Gold, however, counsel is not aware what items were returned and what items remain in the government's custody.

    These items were seized following as stop by Motor Vehicle Enforcement and pursuant to a search warrant.

    Louis Aloia is a friend of the defendant who is also a firearm collector. He will be present at the sentencing hearing and will be testifying on Dr. Parsons' behalf. He has made arrangements through a licensed firearms dealer in Arizona to sell the firearms for Dr. Parsons. He understands that Dr. Parsons can never possess the firearms and that he cannot hold them for Dr. Parsons for any future use.

    Dr. Parsons was indicted on charges related to 3 firearms - a German WWII machine gun model number MG34, serial number 889, a Sten machine gun, serial number 74118, and a Browning machine gun, model number 1919, no serial number.

    The government has included a forfeiture allegation in the indictment in this case. It included forfeiture of "any firearm and ammunition involved in or used in the knowing violation

3

of Title 26, U.S.C. §§ 5841, 5861(d) and 5871, including but not limited to the firearms listed above, the machine gun parts, ammunition and three live hand grenade bodies with plugs and live fuse in a box containing 1 pound of FFFFG Brand black gun powder." Pursuant to Title 18 U.S.C § 924(d)(1) and 28 U.S. C. § 2461(c).

**LAW AND ARGUMENT**

Rule 41 (g) of the Federal Rules of Criminal Procedure provides a procedure for the defendant to request return of items seized by the government that were illegally seized or that the seizure results in a deprivation of property by the defendant.

18 U.S.C. § 924(d)(2)(C) states:

> Only those firearms or quantities of ammunition particularly named and individually identified as involved in or used in any violation of the provisions of this chapter or any rule or regulation issues thereunder or any other criminal law of the United States or intended to be used in any offense referred to in paragraph (3) of this subsection, where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure, forfeiture and disposition

In this case, Dr. Parsons was indicted with having 3 guns in his collection that he could not possess under the laws of the United States. He has admitted to the possession of those guns. The only connection between the three guns in the indictment and the remaining firearms in his collection are that they are part of the same collection. There is nothing in the charged offense that would make any of the other firearms or items seized "involved in or used in violation" of the provisions with which Dr. Parsons has been charged. Further, Dr. Parsons was in legal possession of the other firearms in his collection. He was not a felon and was not a prohibited possessor at the time the firearms were seized.

4

The 8th Circuit has ruled several times that firearms may not be returned to a convicted felon and that the firearms may not be sold and the proceeds returned to the defendant because "...to allow [Bagley] to reap the economic benefit from ownership of weapons which it is illegal for him to possess would make a mockery of the law." *United States v Bagley*, 899 F. 2d 707, 708 (8th Cir. 1990). However, in that case Bagley was a convicted felon when he possessed the firearm, thus his illegal possession was before this conviction. In *U.S. v B.H.* 2006 U.S. Dist LEXIS 88976 (N.D. IA 2006) the defendant was mentally ill and committed to a mental hospital, thus a prohibited possessor, In *U.S. v Felici*, 208 F. 3d 667(8th Cir. 2000), the defendant was convicted of drug related charges at the same time as he was convicted of firearms charges. Thus, he was also a prohibited possessor at the time he possessed the firearms.

In this case, Dr. Parsons has an extensive collection of firearms that he legally possessed at the time of the seizure in this case. This collection is potentially worth thousands of dollars. While the collection can not be returned to him, he is requesting that it be sold and he receive the money from the sale of the collection. This request excludes the weapons Dr. Parsons wasn't legally possessing, thus money would be repaying him for items he lawfully possessed and would not allow him to reap the economic benefit of possessing illegal firearms.

This arrangement is not without precedent. In *Troy Watts v U.S.*, 2002 U.S. Dist LEXIS 7045 (N.D. Texas 2002), the court cited 8th Circuit precedent indicating that the defendant was not entitled to return of his handguns solely because he was now convicted of a felony. In lieu of returning the firearms, the government suggested paying the petitioner fair market value for the two handguns. The motion for return of seized property pursuant to Fed. Rule of Criminal

5

Procedure Rule 41(e) was granted in part by substituting payment of fair market value in lieu of return.

Should the court determine that it can not order the firearms be given to Louis Aloia to sell for Dr. Parsons, the defendant requests an appraisal of the firearms and that the government pay him fair market value for the firearms in his collection that he is no longer allowed to possess.

**CONCLUSION**

Wherefore, the defendant prays that the court grant his Motion for Return of Seized Property by issuing an order allowing Louis Aloia to oversee the sale of the firearms through a licensed firearms dealer. In the alternative, the defendant requests that the court order an appraisal of the firearms and that the government pay the defendant the fair market value of the firearms he legally possessed and for such other or different relief as the court deems just.

Respectfully submitted,

FEDERAL DEFENDER'S OFFICE
701 Pierce Street, Suite 400
Sioux City, Iowa 51101-1036
(712) 252-4158 Telephone
(712) 252-4194 Fax
E-mail: Priscilla_Forsyth@fd.org
Contact E-Mail Address: Priscilla_Forsyth@fd.org

By:   /s/ Priscilla E. Forsyth
PRISCILLA E. FORSYTH
ATTORNEY FOR DEFENDANT

Original filed
Copies to:


Mr. Forde Fairchild
Assistant U.S. Attorney
ATTORNEY FOR PLAINTIFF

Mr. Shane Moore
UNITED STATES PROBATION

Dr. James Parsons
DEFENDANT

**CERTIFICATE OF SERVICE**

    I served a copy of this document on the attorneys of record of all parties as follows:
    1. Method of Service: (✓) first class mail
                                (✓) Electronic service
                                 (  ) certified mail, return
                                     receipt requested
    2. Date served: January 16, 2007.
    I declare that the statements above are true to the best of my information, knowledge, and belief.

        /s/ Priscilla E. Forsyth